|  | UNITED STATES DISTRICT COURT |  |
|---|---|---|
|  | DISTRICT OF PUERTO RICO |  |
| AUREA ESTHER PAGAN, et al., |  |  |
| Plaintiffs, |  | Civil No. 06-1652 (JAF) |
| v. |  |  |
| AUXILIO MUTUO HOSPITAL, et al., |  |  |
| Defendants. |  |  |

**O R D E R**

Plaintiffs, Aurea Esther Pagán and her husband Inocencio Pagán Berríos, bring this diversity action for negligence under 31 L.P.R.A. § 5141 ("Article 1802") against Defendants Auxilio Mutuo Hospital, Dr. Miguel Abreu García, nurse Irma Martínez, nurse Genaro Piña, nurse Martín Donato, nurse Damaris Soto, nurse Patricia Zayas, Admiral Insurance Company, and various unknown insurance companies. Docket Document No. 14. Plaintiffs allege that when Pagán underwent emergency surgery at Auxilio Mutuo Hospital in San Juan, Puerto Rico, on June 28 and 29, 2005, Defendants' negligence caused a tear in the rotator cuff of Pagán's left arm that left her in debilitating pain and could not be corrected by subsequent surgery. Id.

Plaintiffs filed an amended complaint on March 13, 2007. Id. Defendants moved for summary judgment on March 10, 2008. Docket Document No. 49. Plaintiffs opposed on March 20, 2008. Docket Document No. 54.

Defendants argue that we should grant summary judgment in their favor because Plaintiffs have not hired an expert to testify, as is

customary in medical malpractice suits, as to either the standard of care owed by Defendant-health care professionals or causation. Docket Document No. 50; Santiago v. Hosp. Cayetano Coll & Toste, 260 F. Supp. 2d 373, 381-81 (1st Cir. 2003) ("a plaintiff claiming an established breach of a physician's duty of care ordinarily must adduce expert testimony to limn the minimum acceptable standard and confirm the defendant doctor's failure to meet it"). Plaintiffs counter that theirs is not a typical medical malpractice suit. Docket Document No. 54.

Here, Plaintiffs do not allege that Pagán's physician erred during a complex medical procedure. Id. Instead, they claim that Defendants mishandled Pagán's body while she was unconscious in such a way so as to tear her rotator cuff. Id. We agree with Plaintiffs that their claim falls more closely under the heading of general tort than medical malpractice and defer to Plaintiffs' decision that it is unnecessary to employ a medical expert to prove their case.

We, therefore, **DENY** Defendants' motion for summary judgment, Docket Document No. 50, pursuant to Federal Rule of Civil Procedure 56.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 28th day of April, 2008.

```
                              S/José Antonio Fusté
                              JOSE ANTONIO FUSTE
                              Chief U.S. District Judge
```